IN THE UNITED STATES DISTRICT COURT

OR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LAKSHMI ARUNACHALAM, | : |
| Plaintiff, | : |
| v. | : Civ. No. 20-1020-LPS |
| INTERNATIONAL BUSINESS MACHINES CORPORATION, et al., | : |
| Defendants. | : |

## MEMORANDUM

### I. INTRODUCTION

Plaintiff Lakshmi Arunachalam ("Plaintiff"), commenced this action on July 29, 2020. (D.I. 1) She appears *pro se* and seeks to proceed *in forma pauperis*. (D.I. 1, 11) She has also filed a request for e-filing rights (D.I. 4) and motions for my recusal and the recusal of United States District Judge Richard G. Andrews (D.I. 6, 7).

### II. RECUSAL

Plaintiff moves for my recusal as well as the recusal of Judge Andrews. (D.I. 6, 7) She does not indicate under which statute she proceeds. Plaintiff did not file a supporting affidavit, as is required when seeking recusal under 28 U.S.C. § 144. The Court assumes, therefore, that she seeks recusal under 28 U.S.C. § 455.

Her motions indicate that she seeks our recusal based upon rulings made in other cases she filed in this Court and rulings and decisions rulings made in those cases. In addition, she asserts that Judge Andrews engaged in racial discrimination and that he purchased stock in a company during the pendency of Plaintiff's case against that company. (D.I. 6) When this case was assigned to me and not Judge Andrews, Plaintiff filed a motion for my recusal. Plaintiff seeks my recusal on the grounds that: she named me as a defendant in Civ. No. 20-959-CFC for "bad behavior;" I mediated

a case she filed in 2008: Civ. No. 08-132-JJF/RGA; prior to becoming a federal judge I worked at the law firm, Skadden Arps, which now employs Defendants Jessica R. Kunz and Edward L. Tulin, and the firm and these attorneys represent a defendant in two of Plaintiff's cases, neither of which are assigned to me; my alleged failure to take judicial notice of decisions made by Judge Andrews in Plaintiff's cases that he presides over; and my presiding over this case gives an appearance of impropriety and bias. (D.I. 7)

Under 28 U.S.C. § 455(a), a judge is required to recuse himself "in any proceeding in which his impartiality might reasonably be questioned." The test for recusal under § 455(a) is whether a "reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *In re Kensington Int'l Ltd.*, 368 F.3d 289, 301 (3d Cir. 2004). Under § 455(b)(1) a judge is also required to recuse himself "[w]here he has a personal bias or prejudice concerning a party." Under either subsection, the bias necessary to require recusal generally "must stem from a source outside of the official proceedings." *Liteky v. United States*, 510 U.S. 540, 554 (1994); *see also Selkridge v. United of Omaha Life Ins. Co.*, 360 F.3d 155, 167 (3d Cir. 2004) (stating that beliefs or opinions which merit recusal must involve extrajudicial factor).

"[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. Similarly, claims of bias or partiality cannot be based on "expressions of impatience, dissatisfaction, annoyance, [or] even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display." *Id.* at 555-56.

The motion that seeks Judge Andrews' recusal will be denied as moot. Judge Andrews is not assigned to case.

The motion seeking my recusal will also be denied. Plaintiff's dissatisfaction with my efforts to mediate an earlier case of hers and her contention that I have allegedly failed to take judicial

2

notice of rulings in cases not assigned to me would not lead a reasonable, well-informed observer to believe that I have acted with (or will in the future act with) partiality, bias, or actual prejudice. Plaintiff also seeks my recusal because she has named me as a defendant in another action filed in this Court. However, a judge is not disqualified merely because a litigant sues or threatens to sue him. *See In re Taylor*, 417 F.3d 649, 652 (7th Cir. 2005); *United States v. Watson*, 2 F.3d 733, 735 (8th Cir. 1993); *United States v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986). Thus, neither § 455(a) nor § 455(b)(1) require my recusal.

Finally, § 455(b)(2) obligates a judge to recuse himself if "in private practice he served as lawyer in the matter in controversy, or [if] a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it." None of these circumstances is present here. As asserted by Plaintiff, Skadden Arps and Jessica R. Kunz and Edward L. Tulin represent a defendant in two of Plaintiff's cases, neither of which are assigned to me. There simply is no basis for recusal under § 455(b)(2). *See County of Hudson v. Janiszewski*, 351 F. App'x 662, 668 (3d Cir. 2009) (affirming judge's decision not to recuse even though he had relationship with law firm representing plaintiffs). For these reasons, Plaintiff's motion for my recusal will be denied. (D.I. 7)

## III. E-FILING RIGHTS

Plaintiff moves for e-filing rights in this Court. (D.I. 4) This Court has granted Plaintiff e-filing rights in other cases she has filed here. The motion will be granted.

## IV. IN FORMA PAUPERIS

Plaintiff seeks leave to proceed *in forma pauperis*. (D.I. 1, 11) On August 12, 2020, the Court entered an Order noting that Plaintiff's initial motion to proceed *in forma pauperis* was deficient and ordering her to complete Question 5, with information on "home value" and "other real estate

value," and Question 8, with information on "rent or home-mortgage payment," "are real estate taxes included," and "is property insurance included." (D.I. 8)

"In determining whether a litigant is eligible for *in forma pauperis* status, the Court should consider the financial position of the party. A party need not be destitute to warrant such status, *Adkins v. E.I. DuPont Nemours Co.*, 335 U.S. 331, 339 (1948), but the status is a privilege rather than a right, *White v. Colo.*, 157 F.3d 1226, 1233 (10th Cir. 1998)." *Shahin v. Secretary of Delaware*, 532 F. App'x 123, (3d Cir. 2013).

As ordered, Plaintiff provided additional information. Plaintiff now indicates that she lives in a home with an assessed value of $735,000 and there are monthly mortgage payments of $3,723 and $800 in taxes on the property, but Plaintiff provides the caveat that the property is "not in her name." (D.I. 11) To support her position, Plaintiff provided a mortgage statement for the real property. The mortgage statement is addressed to the Arunachalam Family Trust at the same address where Plaintiff resides. While the statement indicates the mortgage is in the name of the Arunachalam Family Trust, it does not indicate if the property is also titled in that manner. Nor did Plaintiff provide any specifics about the trust. (*Id.*) As a result, the Court is left to guess if the Arunachalam Family Trust affects whether Plaintiff may proceed *in forma pauperis*. Depending upon the circumstances, it is not unreasonable to consider the trust property in determining whether Plaintiff may proceed *in forma pauperis*. *See Shahin v. Secretary of Delaware*, 532 F. App'x 123 (3d Cir. 2013) (Court did not abuse its discretion in denying motion to proceed *in forma pauperis* when it considered property held in revocable trust); *Kelley v. Commissioner of Soc. Sec.*, 566 F.3d 347, 350 (3d Cir.2009) (Social Security Act treats corpus of revocable trust as resource available to individual).

The Court takes judicial notice that on October 5, 2020, the United States Supreme Court denied Plaintiff's motion for leave to proceed *in forma pauperis*, took note that Plaintiff repeatedly abused the Supreme Court's process, and directed the United States Supreme Court Clerk not to

accept any further petitions in noncriminal matters from Plaintiff unless she paid the docketing fee. *See In Re Lakshmi Arunachalam*, No. 19-8860 (Oct. 5, 2020).

Having considered the foregoing, including the inconsistencies in Plaintiff's application, the value of the real estate where she lives, and the lack of specifics regarding the trust and title to the property, Plaintiff's requests to proceed *in forma pauperis* will be denied. She will be ordered to pay the filing fee in full.

## V.    CONCLUSION

For the above reasons, the Court will: (1) deny Plaintiff's motions to proceed *in forma pauperis* (D.I. 1, 11); (2) grant Plaintiff's motion for e-filing rights (D.I. 4); and (3) deny Plaintiff's motions for recusal (D.I. 6, 7).

An appropriate Order follows.


March 1, 2021
Wilmington, Delaware