# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LAKSHMI ARUNACHALAM, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civ. No.  20-1020-LPS |
| | : |
| INTERNATIONAL BUSINESS | : |
| MACHINES CORPORATION, et al., | : |
| | : |
| Defendants. | : |

---

Lakshmi Arunachalam, Menlo Park, California, Pro Se Plaintiff.

Bindu A. Palapura, Potter Anderson & Corroon, LLP,  Wilmington, Delaware.

> Counsel for International Business Machines Corporation, Kevin J. Culligan, Apple, Inc., Facebook, Inc., Microsoft Corporation, Eclipse Foundation, Inc., David Ellis Moore, Mark J. Abate, Matthew John Parker, Sasha G. Rao, and Garth Winn.

Cliff C. Gardner, Skadden, Arps, Slate, Meagher & Flom LLP, Wilmington, Delaware.

> Counsel for JPMorgan Chase & Co., Edward L. Tulin, Douglas R. Nemec, Robert Scott Saunders, and Jessica R. Kunz.

Stephanie E. O'Byrne, Potter Anderson & Corroon, LLP,  Wilmington, Delaware.

> Counsel for SAP America, Inc., Tharan Gregory Lanier, Joseph M. Beauchamp, Citigroup, Inc., Citicorp, Citibank, N.A., Candice Claire Decaire, and Andrew James Isbester.

Ian Robert Liston and Jennifer A. Ward, Wilson Sonsini Goodrich & Rosati PC., Wilmington, Delaware.

> Counsel for Alphabet Inc.

Christopher Brian Chuff, Emily Wheatley, and Joanna J. Cline, Troutman Pepper Hamilton Sanders LLP, Wilmington, Delaware.

> Counsel for Fiserv, Inc.

J. Cory Falgowski, Burr & Forman LLP, Wilmington, Delaware.

> Counsel for Wells Fargo Bank, N.A.

Benjamin J. Schladweiler, Greenberg Traurig, LLP, Wilmington, Delaware.

> Counsel for Fulton Financial Corporation, Samsung Electronics America, Inc., Ramsey M. Al-Salam, Michael J. Sacksteder, and Intuit, Inc.

Dylan J. Steinberg, Assistant United States Attorney, Wilmington, Delaware.

> Counsel for Claire T. Cormier, Alan D. Albright, Kristie Davis, Robert W. Schroeder, III, Caroline Craven, Ryan T. Holte, and Scott David Bolden.

Anne Shea Gaza and Samantha G. Wilson, Young, Conaway, Stargatt & Taylor LLP, Wilmington, Delaware.

> Counsel for Michael Q. Lee and Lori A. Gordon.

John G. Day, Ashby & Geddes, Wilmington, Delaware.

> Counsel for Lyft, Inc.

Philip A. Rovner, Potter Anderson & Corroon, LLP, Wilmington, Delaware.

> Counsel for Uber Technologies, Inc.

John A. Elzufon, Elzufon Austin & Mondell, P.A., Wilmington, Delaware.

> Counsel for Exxon Mobile Corporation, John Allen Yates, and John H. Barr, Jr.

Kurt M. Heyman, Heyman Enerio Gattuso & Hirzel LLP, Wilmington, Delaware.

> Counsel for Dominick T. Gattuso.

Dominick T. Gattuso and Kurt M. Heyman, Heyman Enerio Gattuso & Hirzel LLP, Wilmington, Delaware.

> Counsel for Kronos, Inc.

## **MEMORANDUM OPINION**

December 29, 2021
Wilmington, Delaware

**STARK, U.S. District Judge:**

## I.    INTRODUCTION

Plaintiff Lakshmi Arunachalam ("Plaintiff"), who proceeds *pro se*, commenced this action on

July 29, 2020.  (D.I. 2)  She filed an Amended Complaint on May 11, 2021, and it is the operative

pleading.  (D.I. 170)  The Amended Complaint asserts jurisdiction pursuant to 28 U.S.C. § 1331

(federal question) and 28 U.S.C. § 1332 (diversity of citizenship).[1]  Before the Court are Defendants'

motions to dismiss and Plaintiff's opposition.  (*See* D.I. 179, 186, 189, 191, 193-96, 198-99, 202-06,

210-12, 215-17, 221, 223, 226, 234-35)  For the reasons explained below, Defendants' motions will

be granted.  All of Plaintiffs' claims are deficient – many for multiple reasons.

## II.   BACKGROUND

Plaintiff describes herself as "a 73 year-old disabled elder female citizen of color of Asian

origin," "born a Hindu, now a member of the Church of Christ of Latter Day Saints for 25 years."

(D.I. 170 at ¶¶ 139, 150, 338)  She brings this action against 46 defendants that include corporations,

attorneys, and federal judges,[2] as well as 100 unnamed Doe Defendants.  The 102-page Amended

Complaint contains 14 claims for relief generally related to patent infringement, court rulings against

Plaintiff, constitutional violations, discrimination, defamation, and violations of other various federal

and state laws.

Defendants International Business Machines Corporation ("IBM"), JPMorgan Chase and

Co. ("JPMorgan"), SAP America Inc. ("SAP"), Edward L. Tulin ("Tulin"), Kevin J. Culligan

---

[1] The Court does not have jurisdiction by reason of diversity.  For diversity jurisdiction in civil actions, the parties must be citizens of different states.  *See* 28 U.S.C. 1332(a).  As alleged, Plaintiff is a citizen of the State of California as are Defendants Tharan Gregory Lanier, Apple, Inc., Facebook, Inc., Alphabet, Inc., Claire T. Cormier, Sasha G. Rao, Michael J. Sacksteder, Lyft, Inc., Uber Technologies, Inc., and Andrew James Isbester.  (D.I. 170 at ¶¶ 1, 8-11, 19, 26, 32, 38, 39, 44)

[2] All federal defendants are sued in their individual capacities.

("Culligan"), Tharan Gregory Lanier ("Lanier"), Apple Inc. ("Apple"), Facebook, Inc. ("Facebook"), Alphabet Inc. ("Alphabet"), Microsoft Corporation ("Microsoft"), Fiserv, Inc. ("Fiserv"), Wells Fargo Bank, N.A. ("Wells Fargo"), Fulton Financial Corporation. ("Fulton Financial"), Samsung Electronics America, Inc. ("Samsung"), Eclipse Foundation, Inc. ("Eclipse"), Claire T. Cormier ("Cormier"), Douglas R. Nemec ("Nemec"), Joseph M. Beauchamp ("Beauchamp"), Michael Q. Lee ("Lee"), David Ellis Moore ("Moore"), Mark J. Abate ("Abate"), Matthew John Parker ("Parker"), Sasha G. Rao ("Rao"), Robert Scott Saunders ("Saunders"), Jessica R. Kunz ("Kunz"), Citigroup, Inc., Citicorp, Citibank, N.A. ("Citigroup"), Ramsey M. Al-Salam ("Al-Salam"), Candice Claire Decaire ("Decaire"), Garth Winn ("Winn"), Michael J. Sacksteder ("Sacksteder"), Alan D. Albright ("Judge Albright"), Kristie Davis ("Davis"), Robert W. Schroeder, III ("Judge Schroeder"), Caroline Craven ("Judge Craven"), Ryan T. Holte ("Judge Holte"), Lyft, Inc. ("Lyft"), Uber Technologies, Inc. ("Uber"), Exxon Mobile Corporation ("Exxon"), Intuit, Inc. ("Intuit"), John Allen Yates ("Yates"), John H. Barr, Jr. ("Barr"), Andrew James Isbester ("Isbester"), Dominick T. Gattuso ("Gattuso"), Kronis, Inc. ("Kronis"), Scott David Bolden ("Bolden"), and Lori A. Gordon ("Gordon") (collectively "Defendants") move to dismiss the Amended Complaint.

This action resembles many of the numerous lawsuits filed by Plaintiff against corporations, the judiciary, administrative agencies, officials, and attorneys involved in cases Plaintiff has litigated in reaction to rulings against her. Plaintiff alleges she is the inventor of the Internet of Things (IoT), was awarded dozens of patents by the U.S. Government, and has not had her day in court in over 100 cases. (D. I. 170 at ¶¶ 139, 155) Plaintiff alleges she has been "financially injured in the order of trillions of dollars by the largest heist of the century of her intellectual property by corporate infringers who signed [non-disclosure agreements] with her in 1995 without paying royalties." (*Id.* at

2

¶ 161) She alleges that numerous corporate Defendants have substantially benefitted financially and in terms of their growth by their continued, unlicensed use of her intellectual property.  (*Id.*) Plaintiff complains of court rulings, actions by attorneys, judges and "defamatory" orders that characterize her as a frivolous, malicious, or vexatious litigant.  (*Id.* at ¶ 114)

The 14 Counts can be summarized as follows: **Count 1** against all Defendants for violation of the First Amendment, retaliation; **Count 2** against all Defendants for violation of the Fifth Amendment, retaliation; **Count 3** against all Defendants for violation of the First Amendment freedom of speech and Right to Petition the Government for Redress of Grievances Clause; **Count 4** against all Defendants for violation of the First Amendment, free exercise of religion; **Count 5** against all Defendants for violation of the Fifth Amendment, procedural due process; **Count 6** against all Defendants for unlawful agency action in violation of the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 702, 706; **Count 7** against all Defendants for violation of the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. §§ 2000bb, *et seq.*; **Count 8** against Judge Albright, Davis, Exxon, Yates, and Barr for violations of the American with Disabilities Act, 42 U.S.C. §§ 12101-12213; **Count 9** against all Defendants for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, anti-discrimination laws, the Civil Rights Act of 1955 (§ 1981), Age Discrimination Act of 1975, 34 C.F.R. Part 110, Rehabilitation Act of 1973, Pub. L. 93-112, 87 Stat. 355, patent statute 35 U.S.C. § 282, patent prosecution history estoppel, the right to a neutral judge, due process, to notice of a hearing, and opportunity to be heard, 18 U.S.C. § 241 conspiracy, 18 U.S.C. § 1512, tampering with witnesses, the right to use public facilities, and the right to sue and give evidence in a lawsuit; **Count 10** against all Defendants for defamation and libel; **Count 11** against all Defendants for violations of rights secured by the Security Clause and Unreasonable

Seizure Clause of the Fourth Amendment under the Civil Rights Act of 1866 (§ 1981); **Count 12** against all Defendants for violations of rights secured by the Due Process Clause and Takings Clause without just compensation of the Fifth and Fourteenth Amendments under the Civil Rights Act of 1866 (§ 1981); **Count 13** against all Defendants for violations of rights secured by the Trial by Jury Clause of the Seventh Amendment under the Civil Rights Act of 1866 (§ 1981); and **Count 14** against all Defendants for violations of rights secured by the Excessive Fines and Cruel and Unusual Punishment Clause of the Eighth Amendment under the Civil Rights Act of 1866 (§ 1981). (D.I. 170 at 74-99) Plaintiff seeks compensatory and punitive damages. (D.I. 179 at 99)

Defendants move to dismiss pursuant to Fed. R. Civ. P. 4, 8(a)(2), 12(b)(1), 12(b)(2), and 12(b)(6). Defendants also seek a pre-filing injunction, bond requirement, and a declaration that Plaintiff is a vexatious litigant. Plaintiff opposes.

## III.  LEGAL STANDARDS[3]

### A.  Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal for lack of subject matter jurisdiction. Under the Rule 12(b)(1) standard, a claim fails to invoke the District Court's jurisdiction if it is "'wholly insubstantial and frivolous.'" *Coulter v. Paul Laurence Dunbar Cmty. Ctr.*, 685 F. App'x 161, 165 (3d Cir. 2017) (quoting *Lunderstadt v. Colafella*, 885 F.2d 66, 70 (3d Cir. 1989).

> A facial 12(b)(1) challenge, which attacks the complaint on its face without contesting its alleged facts, is like a 12(b)(6) motion in requiring the court to consider the allegations of the complaint as true. But a factual 12(b)(1) challenge attacks allegations underlying the assertion of jurisdiction in the complaint, and it allows the defendant to present competing facts. When considering a factual challenge, the plaintiff has the burden of proof that jurisdiction does

---

[3] Because dismissal is warranted on several other grounds, the Court does not address dismissal pursuant to Fed. R. Civ. P. 4 or 12(b)(4) or (5) for improper service, insufficient process, or insufficient service of process.

> in fact exist, the court is free to weigh the evidence and satisfy itself
> as to the existence of its power to hear the case, and no presumptive
> truthfulness attaches to the plaintiff's allegations. And, when
> reviewing a factual challenge, a court may weigh and consider
> evidence outside the pleadings. Therefore, a 12(b)(1) factual
> challenge strips the plaintiff of the protections and factual deference
> provided under 12(b)(6) review.

*Hartig Drug Co. Inc. v. Senju Pharm. Co.*, 836 F.3d 261, 268 (3d Cir. 2016) (internal citations and

quotation marks omitted).

**B.      Rule 12(b)(2)**

Pursuant to Federal Rule of Civil Procedure 12(b)(2), the court may dismiss a suit for lack of

jurisdiction over the person. When a defendant challenges a court's exercise of personal jurisdiction

under Rule 12(b)(2), "the plaintiff bears the burden of establishing personal jurisdiction by a

preponderance of the evidence and must do so by 'establishing with reasonable particularity

sufficient contacts between the defendant and the forum state.'" *Turner v. Prince Georges Cty. Pub. Sch.*,

694 F. App'x 64, 66 (3d Cir. 2017) (quoting *Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d

1217, 1223 (3d Cir. 1992)). Upon a defendant's challenge to the Court's exercise of personal

jurisdiction, a plaintiff may satisfy this burden "through sworn affidavits or other competent

evidence;" reliance on pleadings and allegations alone is insufficient. *Patterson v. Federal Bureau of*

*Investigation*, 893 F.2d 595, 603-04 (3d Cir. 1990). Where the Court has not held an evidentiary

hearing, "the plaintiff need only establish a prima facie case of personal jurisdiction and . . . is

entitled to have its factual allegations taken as true and all factual disputes drawn in its favor." *Miller*

*Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004).

There are two types of personal jurisdiction: "general jurisdiction" and "specific

jurisdiction." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915. 923-24 (2011) (internal

quotation marks and citations omitted). "General jurisdiction" encompasses complaints arising

from dealings that may be distinct from the defendant's activities in the state. *See Goodyear*, 564 U.S. at 923-24 (citing *International Shoe*, 326 U.S. at 318); *see also Daimler AG v. Bauman*, 571 U.S. 117, 126 (2014). By contrast, "specific jurisdiction" encompasses only causes of action that "'aris[e] out of or relate[] to the defendant's contacts with the forum.'" *Id.* (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984)).

To establish personal jurisdiction, a plaintiff must produce facts sufficient to satisfy two requirements by a preponderance of the evidence, one statutory and one constitutional. *See Time Share*, 735 F.2d at 66; *Reach & Assocs. P.C. v. Dencer*, 269 F. Supp. 2d 497, 502 (D. Del. 2003). With respect to the statutory requirement, the court must determine whether there is a statutory basis for jurisdiction under the forum state's long-arm statute. *See IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998); *Reach & Assocs.*, 269 F. Supp. 2d at 502. With respect to the Constitution, the court must determine whether the exercise of jurisdiction comports with the defendant's right to due process. *See id.*; *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Under Delaware's long-arm statute, 10 Del. C. § 3104(c)(1)-(4), a court may exercise personal jurisdiction over a defendant when the defendant or its agent:

> (1) Transacts any business or performs any character of work or service in the State;

> (2) Contracts to supply services or things in this State;

> (3) Causes tortious injury in the State by an act or omission in this State; or

> (4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State.

"A single transaction is sufficient to confer jurisdiction where the claim is based on that transaction." *Virtus Capital L.P. v. Eastman Chem. Co.*, 2015 WL 580553, at *11 (Del. Ch. Feb. 11, 2015). The act of filing a Certificate of Incorporation within Delaware does not establish personal jurisdiction. *See In re General Motors (Hughes) S'holder Litig.*, 2005 WL 1089021, at *22 (Del. Ch. May 4, 2005), *aff'd*, 897 A.2d 162 (Del. 2006). Pro hac vice admission in a Delaware Court can subject a lawyer to personal jurisdiction in Delaware for the case in which the attorney was admitted. *See Ricoh Co., Ltd. v. Oko Data Corp.*, 2011 WL 3563142, at *3 (D. Del. Aug. 15, 2011).

Subsections (c)(1), (c)(2), and (c)(3) of Delaware's long-arm statute confer specific jurisdiction. Subsection (c)(4) of Delaware's long-arm statute confers general jurisdiction, which requires a greater extent of contacts with Delaware than does specific jurisdiction. General jurisdiction allows the exercise of personal jurisdiction even when the claim is unrelated to the forum contacts. *See Applied Biosystems, Inc. v. Cruachem, Ltd.*, 772 F. Supp. 1458, 1466 (D. Del. 1991).

If a defendant is found to be within the reach of the long-arm statute, the Court must then analyze whether the exercise of personal jurisdiction comports with due process by determining whether the plaintiff has demonstrated that the defendant "purposefully avail[ed] itself of the privilege of conducting activities within the forum State," such that it should "reasonably anticipate being haled into court there." *World-Wide Volkswagen Cop. v. Woodson*, 444 U.S. 286, 297 (1980) (citations omitted). In undertaking this constitutional analysis, a federal court may exercise general jurisdiction over a foreign corporation only when the corporation's "affiliations with the State [in which suit is brought] are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Daimler*, 571 U.S. at 126 (quoting *Goodyear*, 564 U.S. at 919). With respect to specific personal jurisdiction, federal courts have jurisdiction over nonresident defendants only in cases in which the defendants have purposefully directed activities at and established "minimum contacts

7

with [the forum] such that the maintenance of the suit does not offend traditional notions of fair

play and substantial justice." *International Shoe Co.*, 326 U.S. at 316 (internal quotation marks and

citation omitted). The litigation must "'arise out of or relate to' those activities." *Burger King Corp. v.*

*Rudzewicz*, 471 U.S. 462, 472 (1985) (quoting *Helicopteros Nacionales de Colombia*, 466 U.S. at 414).

Random, fortuitous, or attenuated contacts are not sufficient to support jurisdiction. *See World-Wide*

*Volkswagen*, 444 U.S. at 295; *see Burger King*, 471 U.S. at 475. "Whether the requisite minimum

contacts exist is determined by examining the relationship between the defendant, the forum and the

litigation." *Sternberg v. O'Neil*, 550 A2d 1105, 1118 (Del. 1988) (citing *International Shoe.*, 326 U.S. at

316).

C.     **Rules 8 and 12(b)(6)**

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the

Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223

(3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant

is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d

1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a

motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and

viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna,*

*Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted).

While Federal Rule of Civil Procedure 8(a)(2) requires only "'a short and plain statement of

the claim showing that the pleader is entitled to relief,'" the complaint must also "'give the defendant

fair notice of what the . . . claim is and the grounds upon which it rests.'" *Phillips v. County of*

*Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Twombly v. Bell Atl. Corp.*, 550 U.S. 544, 555 (3d

Cir. 2007). Although "this standard does not require 'detailed factual allegations,'" Rule 8 "demands

8

more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10. "In evaluating a motion to dismiss," the court "may consider documents that are attached to or submitted with the complaint . . . 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.'" *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

"To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

The Court is not obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405,

417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996).

Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Amended Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

## IV.   DISCUSSION

### A.   Personal and Subject Matter Jurisdiction

The Court turns first to the issue of jurisdiction. "'[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction).'" *Ellison v. American Board of Orthopedic Surgery*, 11 F.4th 200, 204-205 (3d Cir. 2021) (quoting *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007)).

Defendants Yates and Barr move for dismissal for lack of personal jurisdiction on the grounds that they represented their client from a Texas office and sufficient minimum contacts do not exist to vest this Court with personal jurisdiction. (D.I. 179, 180) Defendant Winn moves for dismissal for lack of personal jurisdiction on the grounds that he does not live or work in Delaware. (D.I. 189, 190) Defendant Rao[4] moves for dismissal for lack of personal jurisdiction on the grounds that she resides in California, not Delaware, and the Amended Complaint is devoid of factual support and is incorrect when it alleges she transacts business in Delaware. (D.I. 206, 209)

---

[4] Rao, Culligan, Parker, and Abate all served as outside counsel for IBM. Culligan, Parker, and Abate do not move for dismissal for lack of personal jurisdiction, although neither do they concede that personal jurisdiction exists over them. (*See* D.I. 208 at n.2)

10

Defendants Isbester and Decaire move for dismissal for lack of personal jurisdiction on the grounds that neither of them live or work in Delaware and for lack of subject matter jurisdiction. (D.I. 215, 216) Defendants Judge Albright, Judge Schroeder, Judge Craven, Judge Holte, Davis, Bolden, and Cormier move for dismissal for lack of personal jurisdiction, as they are located in Texas, California, and Washington, D.C. (D.I. 234)

The Amended Complaint alleges that this Court "possesses proper subject matter jurisdiction over the parties" and that each of the Defendants numbered from 1 to 46 is an individual or Corporation that maintains his/her/its principal place of business as listed (seemingly) in paragraphs 1-47 of the Amended Complaint. (D.I. 170 at ¶¶ 51, 53) Specifically, the Amended Complaint alleges that Cormier, Rao, Isbester, and Sacksteder are in California; Decaire and Al-Salam are in Washington; Winn is in Oregon; Judge Albright, Davis, Judge Schroeder, Judge Craven, Yates, and Barr are in Texas; and Judge Holte and Bolden are in Washington, D.C. (*Id.* at ¶¶ 19, 26, 30, 31-37, 42-44, 47) The Amended Complaint further alleges: "Defendants do business in Delaware, Washington, D.C., New York, Texas, Washington, Oregon, California, Pennsylvania, Wisconsin, Alabama, and Massachusetts, and all over the United States and at the United States Supreme Court and the U.S. Court of Appeals for the Federal Circuit and in District Courts in DE, TX." (*Id.* at ¶ 58) It alleges that Rao, Al-Salam, Decaire, Winn, Sacksteder, Isbester, Yates, and Barr are officers of the court (i.e., attorneys), transacted business in the State of Delaware, and that the foregoing Defendants worked for their respective clients, all of whom are corporations. (*Id.* at ¶¶ 62, 63) It specifically alleges that Barr and Yates remained silent while Judge Albright ridiculed Plaintiff. (*Id.* at ¶ 175) It alleges that Cormier and Bolden worked, or are working, as U.S. Attorneys for the U.S. Department of Justice ("DOJ") and that DOJ resides in this District and transacts business throughout the State and District of Delaware. (*Id.* at ¶ 64) The Amended Complaint also

11

alleges that Judge Albright, Judge Craven, Judge Schroeder, Judge Holte, as well as Davis, work for the U.S. Judiciary, have worked collusively with the District of Delaware, and have utilized void orders from the Delaware District Court. (*Id.* at ¶ 65) While the Amended Complaint contains allegations directed to the Defendants just discussed it does not specifically state where or when the alleged actions took place. (*See id.* at ¶¶ 70, 94, 99-100, 102, 107, 114, 148, 155, 174, 175, 216, 227, 232, 235, 240, 243, 248, 267, 272, 291, 296)

Winn, Rao, Isbester, Decaire, Sacksteder, and Al-Salam filed declarations in support of their motions. (D.I. 112-1, 112-2, 120, 167, 168, 209, 219, 220) Their declarations reveal that they do not have sufficient minimum contacts with Delaware to satisfy the requirements of due process necessary for this Court to exercise personal jurisdiction over them.

Yates and Barr are Texas attorneys who represented Exxon as a defendant in a case filed against it by Plaintiff. They state that they have previously defended other clients (i.e., not Exxon) in Delaware *pro hac vice* and that they lack sufficient minimum contacts for the purpose of personal jurisdiction. (D.I. 180 at 5-6; D.I. 181 at 12-13) In attempting to assert a claim against Yates and Barr, Plaintiff appears to rely on *Arunachalam v. Exxon Mobile Corp.*, 2019 WL 10303695 (W.D. Tx. June 26, 2019). The Court takes judicial notice that the attorneys in that case were Yates and Barr and also that the case was filed in Texas, not in this District.

Judges Albright, Schroeder, Craven, and Holte, as well as Davis, Bolden, and Cormier, argue that the allegations fall short of alleging establishing this Court's personal jurisdiction over them. Each of these Defendants notes he or she is sued in an individual capacity[5] and contends Plaintiff

---

[5] Because the claims are filed against these defendants in their individual, rather than official, capacities, personal jurisdiction over each defendant is necessary. *See Zieper v. Reno*, 111 F. Supp. 2d 484, 491 (D.N.J. 2000).

cannot show that any of them, in their individual capacities, transacted, conducted, or performed work or service in the District of Delaware, or regularly conducted or solicited business, engaged in a course of conduct, or derived revenue from services or things used in Delaware. These Defendants also observe the Amended Complaint contains no allegations that any of them have set foot in Delaware.

With respect to those motions seeking dismissal for lack of subject matter jurisdiction, Plaintiff opposes on the grounds that there is jurisdiction by reason of diversity of the parties. (D.I. 235 at 5) There is not. (*See supra* n.1) Furthermore, as discussed below, the Amended Complaint fails to state claims under federal law. Therefore, dismissal for lack of subject matter jurisdiction is appropriate.

Plaintiff also opposes those motions that seek dismissal for lack of personal jurisdiction. She argues that Defendants' wrongful acts started in the District of Delaware and then "propagated" to multiple courts. (D.I. 235 at 5-6) It seems she is referencing orders entered in this Court by U.S. District Judge Richard G. Andrews in 2019 in *Arunachalam v. International Business Machines Corp.*, 2019 WL 1388625 (D. Del. Mar. 27, 2019), *aff'd*, 989 F.3d 988 (Fed. Cir. 2021). Judge Andrews is not a defendant in this action. In addition, Plaintiff provides no legal support for her novel theory. She argues that Defendants have certain minimum contacts within the forum in which this Court sits but provides no facts to support this claim. She asserts this Court has universal jurisdiction over the alleged acts committed by Defendants "anywhere in the world, reserved for exceptionally serious crime[s], as here, such as a concerted war on the Constitution, as here, in a concerted insurrection by Defendants, and crimes against humanity, hate crime and human rights violations." (D.I. 235 at 6) "Universal jurisdiction is an international law doctrine" that recognizes a "narrow and unique exception" to the general requirement that nations have a "jurisdictional nexus before punishing

13

extraterritorial conduct committed by non-nationals." *United States v. Shibin*, 722 F.3d 233, 239 (4th Cir. 2013). It is plainly inapplicable here.

Even taking Plaintiff's averments as true, the Amended Complaint does not suffice to vest this Court with personal jurisdiction over the moving Defendants. As discussed above, when a defendant raises a personal jurisdiction defense, the plaintiff has the burden to establish with "reasonable particularity" sufficient contacts between the defendant and the forum state to support jurisdiction. *See Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987). In response to Defendants' motions, Plaintiff did not present any competent evidence to meet her burden of showing that this Court has personal jurisdiction. Her arguments are not supported by facts in the Amended Complaint or by the law she relies upon, and her allegations are conclusory. Because Plaintiff has not demonstrated a basis for personal jurisdiction over the moving Defendants, the Court will grant their motions to dismiss for lack of personal jurisdiction.

**B.      Fed. R. Civ. P. 8**

The Court now addresses other bases offered by Defendants for dismissal (including those Defendants who will be dismissed for lack of subject matter and/or personal jurisdiction).

Dismissal is appropriate as the Amended Complaint fails to comply with Fed. R. Civ. P. 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." To avoid dismissal, allegations must not be "so undeveloped that [they fail] provide a defendant the type of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232. Here, the Amended Complaint is neither short nor plain and is far too disorganized to provide notice to, and facilitate a meaningful response from, the defendants. *See Boldrini v. Giovannini*, 778 F. App'x 86, 87-88 (3d Cir. 2019). Moreover, the 102-page Amended Complaint contains conclusory allegations, allegations against individuals who are not named defendants, is confusing, and contains

14

legal terminology without facts showing that Plaintiff is entitled to relief.  Accordingly, dismissal

with respect to all Defendants is appropriate under Rule 8.

### C.      Rule 12(b)(6)

The Amended Complaint is also subject to dismissal under Rule 12(b)(6) for failure to state a

claim.  Collectively, Defendants argue that the Amended Complaint does not allege enough factual

content to state plausible claims, the claims are frivolous, Plaintiff is not entitled to relief, and she is

a vexatious litigant.

Plaintiff's claims are deficiently pled.  While lengthy, Plaintiff's claims are not supported by

the facts and they are conclusory.  *See Weigher v. Prison Health Services*, 402 F. App'x 668, 671 (3d Cir.

2010) (stating bare allegations without sufficient facts to support them do not suffice).  Merely

reciting an element of a cause of action or making a bare conclusory statement is insufficient to state

a claim.  *See Iqbal*, 556 U.S. at 677.  In addition, it is impossible to discern which Defendants

allegedly did what, where, or when.  Also, in many instances the Amended Complaint fails to link

claims to specific defendants, and constitutes impermissible group pleading.  *See, e.g., Sheeran v. Blyth

Shipholding S.A.*, 2015 WL 9048979, at *3 (D.N.J. Dec. 16, 2015) (dismissing complaint because it

"fails to separate out the liability for each defendant"); *Shaw v. Housing Auth. of Camden*,  2012 WL

3283402, at *2 (D.N.J. Aug. 10, 2012) ("[E]ven under the most liberal notice pleading requirements

of Rule 8(a), a plaintiff must differentiate between defendants.").

While the Amended Complaint fails to specify the dates for its claims, it appears from

Plaintiff's pleading that some claims are time-barred, while others have been or could have been

raised by Plaintiff in her numerous other cases and, thus, are barred by reason of claim preclusion.[6]
Plaintiff has filed a staggering number of lawsuits – and, as is evident from her numerous cases, she
is aware that the legal path available to her when a ruling is made against her in district court is to
appeal to an appellate court.

Plaintiff's claims do not meet the pleading requirements of *Iqbal* and *Twombly* and, therefore,
it is appropriate to dismiss the Amended Complaint.  She has failed to state any claim on which
relief may be granted.  Therefore, her Amended Complaint is subject to dismissal pursuant to Rule
12(b)(6).

### D. 42 U.S.C. § 1983/*Bivens* Claims

Despite having dismissed all claims in the Amended Complaint due to Plaintiff's failure to
comply with Rules 8 and 12(b)(6) – in addition to dismissal based on lack of personal and subject
matter jurisdiction, as noted above – various Defendants identify multiple other deficiencies in the
Amended Complaint.  The Court will address these additional grounds for dismissal as well.

Counts 1 through 5,  9, and 11 through 14 allege violations of numerous constitutional
amendments (First, Fourth, Fifth, Seventh, Eighth, Fourteenth) and clauses (Right to Petition
Government for a Redress of Grievances, Due Process, Security Clause, Unreasonable Seizures
Clause, Takings).  In the original complaint, Plaintiff raised the constitutional claims under 42 U.S.C.
§ 1983.  The Amended Complaint omits reference to 42 U.S.C. § 1983 and, in several counts, raises
the constitutional claims under 42 U.S.C. § 1981.  It appears that Plaintiff chose to raise the claims

---

[6] The doctrine of claim preclusion, also known as res judicata, gives dispositive effect to a prior
judgment if a particular issue, although not litigated, could have been raised in an earlier proceeding.
*See Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 276 (3d Cir. 2014).

under § 1981 after Defendants' motions to dismiss the original complaint argued that Plaintiff failed to state claims under 42 U.S.C. § 1983.

Section 1983 is the remedial statute designed to redress deprivations of rights secured by the Constitution and federal laws. *See Baker v. McCollan*, 443 U.S. 137, 145 n.3 (1979); *Kaucher v. County of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006). "[I]n 1971, the Supreme Court located an implied right of action for damages in the Constitution, available against officials acting under the color of federal law," commonly called a *Bivens* claim. *Mammana v. Barben*, 856 F. App'x 411, 413 (3d Cir. 2021) (citing *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971)). Since then, the Supreme Court has "adopted a far more cautious course before finding implied causes of action;" when asked "who should decide whether to provide for a damages remedy, Congress or the Courts[,] [t]he answer most often will be Congress." *Mammana*, 856 F. App'x at 413 (citing *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1855, 1857 (2017) (internal citation and quotation marks omitted)). The Supreme Court has recognized *Bivens* claims under three scenarios: (1) Fourth Amendment search-and-seizure; (2) Fifth Amendment sex-discrimination; and (3) a federal prisoner's Eighth Amendment claim for failure to provide adequate medical treatment. *See id.* at 414. "[E]xpanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Id.* at 413 (quoting *Abbasi*, 137 S. Ct. at 1857).

The Amended Complaint names seven federal defendants, four of whom are judges.[7] To state a claim under *Bivens*, a claimant must show: (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) that the deprivation of the right was caused by an official acting under color of federal law. *See Mahoney v. National Org. for Women*, 681 F. Supp. 129,

---

[7] Judicial immunity is discussed in a later section below.

132 (D. Conn. 1987) (citing *Flagg Brothers, Inc. v. Brooks*, 436 U.S. 149, 155-56 (1978)).  Count 11 is a

claim for unreasonable seizure in violation of the Fourth Amendment based on the alleged seizure

of Plaintiff's patent properties without probable cause.  (D.I. 170 at 95)  Count 12 invokes the Fifth

Amendment and alleges violation of the Due Process Clause and Takings Clause, claiming that

Plaintiff's cases were dismissed because of her gender.  (*Id.* at 96)  While these two claims fall within

the three categories of recognized *Bivens* claims, the claims are conclusory and do not state plausible

claims against any of the federal defendants.  Plaintiff's patents were the subject of civil litigation –

her dissatisfaction with the outcome of that litigation does not constitute a claim for relief.

Therefore, the *Bivens* claims are not cognizable and will be dismissed.

As to the § 1983 claims, none of the named Defendants are State actors.  Several are

corporations, many are private attorneys, some are current or former federal attorneys or federal

employees and four are federal judges.  To state a claim under § 1983, a plaintiff must allege "the

violation of a right secured by the Constitution or laws of the United States and must show that the

alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487

U.S. 42, 48 (1988).  To act under "color of state law" a defendant must be "clothed with the

authority of state law." *Id.* at 49.

As alleged, none of the Defendants are State actors.  Defendants are not State actors or

"clothed with the authority of state law," which is fatal to Plaintiff's § 1983 claims.  *See Reichley v.*

*Pennsylvania Dep't of Agric.*, 427 F.3d 236, 244-45 (3d Cir. 2005); *Biener v. Calio*, 361 F.3d 206, 216-17

(3d Cir. 2004).

Plaintiff attempts to overcome this deficiency by arguing, in her briefs, that Defendants are

State actors because they solicited and conspired "with the government to commit actions which

violate the due process clause[] of the Constitution."  (D.I. 235 at 1)  "[A] private party who willfully

participates in a joint conspiracy with state officials to deprive a person of a constitutional right acts 'under color of state law' for purposes of [section] 1983." *Commonwealth of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988). The Amended Complaint, however, does not allege that any defendant willfully acted with a state official. Plaintiff may not amend the Amended Complaint through argument in her responsive brief and any new facts provided in her briefing may not be considered by the Court in connection with the motions to dismiss. *See generally Abbott v. Latshaw*, 164 F.3d 141, 147-48 (3d Cir. 1998). Moreover, the allegations of conspiracy are conclusory and lack supporting facts. "A § 1983 conspiracy claim is viable only if there has been an actual deprivation of a constitutional right," *Sweetman v. Borough of Norristown, Pa.*, 554 F. App'x 86, 90 (3d Cir. 2014), and Plaintiff has failed to state any plausible constitutional claim on which relief may be granted. *See also Monrea'l v. Lamb*, 2016 WL 278313, *8 (E.D. Pa. 2016) ("When no constitutional violation has been pleaded, no conspiracy claim can be maintained under § 1983.").

Plaintiff argues that two federal criminal statutes support her position that Defendants are State actors: 18 U.S.C. § 241, conspiracy against rights, and 18 U.S.C. § 242, deprivation of rights under color of law.[8] In Count 9 of the Amended Complaint, she attempts to plead a claim for conspiracy against rights under 18 U.S.C. § 241. Plaintiff also references 18 U.S.C. § 1512, a statute relating to tampering with witnesses. To the extent Plaintiff relies upon 18 U.S.C. § 241 and § 242 to establish a § 1983 or *Bivens* conspiracy, the claims are not plausible. These statutes establish criminal liability for certain deprivations of civil rights and conspiracy to deprive one of civil rights. *See Shahin v. Darling*, 606 F. Supp. 2d 525, 538 (D. Del. 2009). Criminal charges cannot be brought under these statutes through a private lawsuit; the statutes on which Plaintiff relies do not give rise

---

[8] The Amended Complaint makes no reference to 18 U.S.C. § 242.

to a civil cause of action. *See id.* Therefore, the conspiracy claim in Count 9, as well as all claims raised under federal criminal statutes, will be dismissed.

Additionally, 42 U.S.C. § 1983 requires personal involvement. *See, e.g., Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs."); *see also Evancho v. Fischer,* 423 F.3d 347, 353 (3d Cir. 2006) (holding that plaintiff must show that each and every defendant was "personally involved in depriving him of his rights") (internal alterations omitted). The Amended Complaint does not adequately allege the personal involvement of each Defendant. Finally, the corporate defendants are not "persons" within the meaning of the statute and, therefore, they are not appropriate defendants. *See Brisbane v. Foodline,* LLC, 2017 WL 4065973 (D. Md. May 5, 2017); *see also Monroe v. Pape,* 365 U.S. 167 (1961) (municipal corporation is not person subject to suit within meaning of Civil Rights Act).

Thus, the Court will grant Defendants' motions to dismiss the claims that allege violations of the United States Constitution. Amendment is futile as to these claims.

### E.   42 U.S.C. § 1981

The Amended Complaint invokes the Civil Rights of 1866 which has been revised since its enactment and is codified at 42 U.S.C. § 1981. *See Georgia v. Rachel,* 384 U.S. 780, 789 n.12 (1966). Counts 9, 11, 12, 13, and 14 allege discrimination; retaliation; violations of the Security Clause and Unreasonable Seizure Clause of the Fourth Amendment; violations of rights secured by the Due Process Clause and Takings Clause without just compensation of the Fifth and Fourteenth Amendments; violations of rights secured by the Trial by Jury Clause of the Seventh Amendment; and rights secured by the Excessive Fines and the Cruel and Unusual Punishment Clause of the Eighth Amendment.

The statutory provisions of § 1981 are triggered by an attempt to contract. *See Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006).  To state a claim under 42 U.S.C. § 1981, a plaintiff must allege (1) membership in a racial minority; (2) the defendant's intent to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in § 1981(b). *See Brown v. Philip Morris Inc.*, 250 F.3d 789, 797 (3d Cir. 2001).  These activities include making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship. *See* 42 U.S.C. § 1981(b).  In addition, "[t]o prevail [on a § 1981 claim], a plaintiff must initially plead and ultimately prove that, but for race, [she] would not have suffered the loss of a legally protected right." *Comcast Corp. v. National Ass'n of African Am.-Owned Media*, ___U.S.___, 140 S. Ct. 1009, 1019 (2020).

The § 1981 claims fail for a number of reasons.  First, the Amended Complaint does not allege that Plaintiff attempted to enter into a contract with any Defendant or that Plaintiff had a contractual relationship with any Defendant.  Rather, Plaintiff repeatedly refers to government issued patent contract grants.  (D.I. 170 at ¶¶ 114, 141, 152, 155, 159, 165, 174-76, 178, 182, 189, 272, 318, 366, 380, 395, 400, 404, 410)  In *Arunachalam v. International Business Machines, Corp.*, No. 2020-1493, Docket Entry 55 at 3 (Fed. Cir. Nov. 30, 2020), the Court of Appeals for the Federal Circuit stated that, in prior appeals, judges rejected Plaintiff's contention that the Patent Office was barred from invalidating her patents based on the Contracts Clause and *Fletcher v. Peck*, 10 U.S. (6 Cranch) 87 (1810).  Additionally, the § 1981 claims do not plausibly allege that race was a but-for cause of Plaintiff's injuries. *See Comcast Corp.*, 140 S. Ct. at 1014-15.  Rather, Plaintiff repeatedly alleges that discrimination occurred due to race, color, Indian accent, disability, age, gender, and religion.  Even as alleged, Plaintiff's race was, at most, one of several factors that led to the alleged discrimination.

21

The Amended Complaint fails to state claims under 42 U.S.C. § 1981. Therefore, the motions to dismiss the § 1981 claims will be granted.

### F.      Administrative Procedure Act

Count 6 alleges that Defendants committed an unlawful agency action in violation of the Administrative Procedure Act, 5 U.S.C. §§ 702, 706. The Amended Complaint fails to state a claim under the APA.

The APA authorizes judicial review of federal agency action. *See* 5 U.S.C. § 702 (authorizing judicial review of "agency action"); 5 U.S.C. § 701(b)(1) (defining "agency" as "each authority of the Government of the United States"); *see also Karst Envtl. Educ. & Prot., Inc. v. EPA*, 475 F.3d 1291, 1989 (D.C. Cir. 2007) ("[N]othing in the APA authorizes claims against nonfederal entities.").

There are no allegations that any defendant is a federal agency. Defendants are either individuals or corporation. Moreover, Plaintiff's claims revolve around judicial proceedings and rulings, not administrative actions. The APA claims will be dismissed.

### G.      Discrimination Statutes

#### 1.      RFRA

Count 7 alleges that all Defendants violated the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. §§ 2000bb, *et seq.* Plaintiff contends she was "pressured and harassed . . . to condone . . . FALSE OFFICIAL STATEMENTS" and that her refusal to do so "was compelled by Mormon tenets of 'Thou shall not lie' and 'Thou shall not steal.'" (D.I. 170 at ¶ 152)

RFRA prohibits the government from "substantially burden[ing] a person's exercise of religion." 42 U.S.C. § 2000bb-1(a). A plaintiff makes a prima facie claim under RFRA by establishing the following elements: "(1) a substantial burden imposed by the federal government on a (2) sincere (3) exercise of religion." *Mack v. Warden Loretto FCI*, 839 F.3d 286, 304 (3d Cir. 2016).

"[A] substantial burden exists where: (1) a follower is forced to choose between following the precepts of his religion and forfeiting benefits otherwise generally available . . . versus abandoning one of the precepts of his religion in order to receive a benefit; or (2) the government puts substantial pressure on an adherent to substantially modify his behavior and to violate his beliefs." *Real Alternatives, Inc. v. Sec'y Dep't of Health & Hum. Servs.*, 867 F.3d 338, 356 (3d Cir. 2017) (internal quotation marks omitted).

Under RFRA, "government" means "a branch, department, agency, instrumentality, and official (or other person acting under color of law) of the United States, or of a covered entity." 42 U.S.C. § 20000bb-2(1). RFRA does not apply to any of the Defendants other than the seven federal defendants. The RFRA claims against the non-governmental Defendants all fail as a matter of law.

As to the federal defendants, the RFRA claims fail because the Amended Complaint does not allege a substantial burden. The Amended Complaint contains no allegations that identify the nature of the religious pressure and harassment or by whom it was committed. Nor does it allege how Plaintiff's religious exercise was substantially burdened. A thorough reading of the facts in the Amended Complaint does not support Plaintiff's claim of a substantial burden on her religious exercise. (*See* D.I. 170 at ¶¶ 240, 248, 272) The RFRA claims will be dismissed.

### 2. Americans With Disability Act, Rehabilitation Act, Age Discrimination Act, And Title VII

The Amended Complaint raises several discrimination claims, all of which fail to state a claim. Plaintiff alleges discrimination based on race, color, religion, sex, or national origin and for segregation; discrimination based on race, religion, color, national origin, or sex in public places and in public facilities and federally funded programs; and violations of anti-discrimination laws that cover obtaining goods and services and accessing public places and facilities.

In particular, Count 8 is raised against Judge Albright, Davis, Exxon, Yates, and Barr for violations of the Americans with Disability Act, 42 U.S.C. §§ 12101-12213. Plaintiff does not indicate under which Title of the Americans with Disability Act she proceeds (Title I, Title II, or Title III). In Count 9, Plaintiff invokes the Rehabilitation Act of 1973, Pub. L. 93-112, 87 Stat. 355, amended and codified at 29 U.S.C. §§ 701 *et seq.*, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

Individual liability is not available for discrimination claims brought under Title I or Title II of the Americans with Disability Act. *See Koslow v. Commonwealth of Pa.*, 302 F.3d 161, 178 (3d Cir. 2002) ("[T]here appears to be no individual liability for damages under Title I of the ADA."); *Emerson v. Thiel Coll.*, 296 F.3d 184, 189 (3d Cir. 2002) (suggesting in dicta that "individuals are not liable under Titles I and II of the ADA"). Individual liability is possible under Title III of the Americans with Disability Act but only with respect to an individual who owns, leases, or operates a place of public accommodation. *See Emerson*, 296 F.3d at 189. None of the Defendants is alleged to be such a person.

As to claims under the Rehabilitation Act, because none of the defendants receive federal aid, the Amended Complaint does not state a claim against them under the Rehabilitation Act. *See Emerson*, 296 F.3d at 190; *A.W. v. Jersey City Pub. Schs.*, 486 F.3d 791, 804 (3d Cir. 2007) ("Suits may be brought pursuant to [the Rehabilitation Act] against recipients of federal financial assistance, but not against individuals.").

Plaintiff also invokes Title VII and the Age Discrimination Act. These claims also fail as a matter of law. Title VII imposes liability only on employers. *See Williams v. Pennsylvania Hum. Rels. Comm'n*, 870 F.3d 294, 299 (3d Cir. 2017). There are no allegations that Plaintiff was employed by any named Defendant. In addition, neither Title VII nor the Age Discrimination Act provide for

24

individual liability. *See Parikh v. UPS*, 491 F. App'x 303, 308 (3d Cir. 2012); *Sheridan v. E.I. DuPont de Nemours & Co.*, 100 F.3d 1061, 1078 (3d Cir. 1996) ("[W]e are persuaded that Congress did not intend to hold individual employees liable under Title VII."); *Tyrrell v. City of Scranton*, 134 F. Supp. 2d 373, 383 (M.D. Pa. 2001) (holding Age Discrimination Act cannot support action for damages).

In addition, there are no allegations that Defendants receive federal funding. The Age Discrimination Act provides that "'no person in the United State shall, on the basis of age, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under, any program or activity receiving Federal financial assistance.'" *Sindram v. Fox*, 374 F. App'x 302, 305 (3d Cir. 2010) (quoting 42 U.S.C. § 6102).

Accordingly, the Court will dismiss the claims raised under the Americans with Disabilities Act, the Rehabilitation Act, Title VII, and the Age Discrimination Act.

### 3.   Other Claims

In Count 9, Plaintiff alleges a violation of 34 C.F.R. Part 110. This section of the Code of Federal Regulations applies only to entitles that receive financial assistance from the U.S. Department of Education. There are no allegations that any Defendants receives such financial assistance.

Count 9 lists numerous other claims including violations of a patent statute, 35 U.S.C. § 282; patent prosecution history estoppel; Plaintiff's right to a neutral judge; Due Process (notice of hearing and opportunity to be heard); and Plaintiff's right to sue and right to use evidence in a lawsuit. (D.I. 170 at 81) These claims are alleged in a conclusory manner, it is far from clear against whom these claims are made, and, as discussed above, fail to meet the pleading standards of *Twombly* and *Iqbal*.

Accordingly, the Court will grant Defendants' motions to dismiss these claims.

### H.    Judicial And Quasi-Judicial Immunity

Judge Albright, Judge Schroeder, Judge Craven, Judge Holte, and Davis, a clerk to Judge Albright, all of whom are sued in their individual capacities, seek dismissal on the grounds of judicial and quasi-judicial immunity. The Amended Complaint alleges in a conclusory manner that Judge Holte lost jurisdiction and that the entire judiciary lacked jurisdiction and/or had conflicts. (D.I. 170 at ¶¶ 107, 186, 272, 360) In several instances, the Amended Complaint refers to judicial officers who are not named defendants. (*Id.* at ¶¶ 142, 152, 186, 304, 343, 359)

Plaintiff's claims against Judges Albright, Schroeder, Craven, and Holte are barred by absolute immunity. *See Stump v. Sparkman*, 435 U.S. 349, 355-57 (1978) (explaining that judges are not civilly liable for judicial acts); *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam) ("A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts."). Similarly, a clerk to a judicial officer who performs quasi-judicial functions is entitled to immunity. *See Gallas v. Supreme Court of Pennsylvania*, 211 F.3d 760, 772 (3d Cir. 2000) (citing *Forrester v. White*, 484 U.S. 219, 225 (1988)).

While Plaintiff alleges that the foregoing Defendants were judges "with no jurisdiction" she does so in a conclusory manner and with no supporting facts. Other allegations indicate that the judges were, in fact, acting in their judicial capacities. For example, the Amended Complaint alleges that during a telephone hearing Judge Albright purportedly ridiculed Plaintiff's "speech disability," and that he and his clerk, Davis, would not release audio transcripts and/or altered transcripts, and that he entered void orders. (D.I. 170 at ¶ 240) Plaintiff alleges that Judges Schroeder, Craven, and Holte denied her access to public facilities such as CM/ECF (the case management electronic filing system used by the federal judiciary), did not abide by legal precedent, made false official statements,

and defamed her by calling her a frivolous, malicious, or vexatious litigant (presumably in Court orders). (*Id.* at ¶¶ 248, 272)

Plaintiff disagrees with numerous actions of these federal judges. However, a "judge will not be deprived of immunity because the action he took is in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000). Hence, even assuming the judges erred in any of their rulings, the judges remain absolutely immune. Plaintiff's allegations that they acted "with no jurisdiction" are wholly conclusory and implausible. *See also generally Selig v. N. Whitehall Twp. Zoning Hearing Bd.*, 653 F. App'x 155, 158 (3d Cir. 2016) ("[A] currently recused judge is not 'act[ing] in the clear absence of all jurisdiction' when he enters an order [and remains entitled to judicial immunity].") (internal quotation marks omitted).

There is no question that Judges Albright, Schroeder, Craven, and Holte acted within their jurisdiction and, therefore, they are immune from suit. In addition, Davis has quasi-judicial immunity. Therefore, all claims against them will be dismissed based upon their judicial immunity.

## I.      Federal Tort Claims Act

The Amended Complaint alleges: "[t]he tort which is the basis of this lawsuit was committed in Delaware; Washington, D.C.; New York; Texas; Washington; Oregon; California; Pennsylvania; Wisconsin; Alabama, and Massachusetts, in addition to all over the world and the entire nation." (D.I. 170 at ¶ 57) Plaintiff specifically alleges defamation. All seven of the federal Defendants move to dismiss the defamation claim and any other additional causes of action as barred by the Federal Tort Claims Act ("FTCA").

The FTCA authorizes federal district courts to hear "civil actions on claims against the United States, for money damages" arising out of injuries "caused by the negligent or wrongful act

27

or omission of any employee of the Government while acting within the scope of his office or employment," if a private person in like circumstances would face liability under state law.  28 U.S.C. § 1346(b)(1).  The Westfall Act "accords federal employees absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties."  *Osborn v. Haley*, 549 U.S. 225, 228-29 (2007).  The exceptions to this immunity are not applicable here.

Accordingly, all tort claims against the federal Defendants will be dismissed as the FTCA provides them with immunity from suit.

## J.    Supplemental Jurisdiction

Count 10 alleges defamation and libel and intentional infliction of emotional distress. Because the Complaint fails to state a federal claim and amendment is futile as to all federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.  *See* 28 U.S.C. § 1367; *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 309 (3d Cir. 2003); *Shahin v. Darling*, 350 F. App'x 605, 607 n.2 (3d Cir. 2009).[9]

---

[9] Even were the Court to exercise supplemental jurisdiction, the Amended Complaint fails to state any state law claims upon which relief can be granted.  The claims for defamation are barred by the absolute litigation privilege.  *See Trice v. Chapman*, 2012 WL 3762872, at *6 (D. Del. Aug. 28, 2012) ("Delaware adheres to the common law rule of 'absolute privilege' that 'protects from actions for defamation statements of judges, parties, witnesses and attorneys offered in the course of judicial proceedings so long as the party claiming the privilege shows that the statements issued as part of a judicial proceeding were relevant to a matter at issue in the case.'") (quoting *Barker v. Huang*, 610 A.2d 1341, 1349 (Del. 1992); *see also Koch v. Pechota*, 744 F. App'x 105, 114 (3d Cir. 2018) (stating New Jersey's and New York's absolute litigation privilege extends immunity to defamatory statements as long as they have relation to proceedings); *Pack v. Middlebury Cmty. Sch.*, 990 F.3d 1013, 1022 (7th Cir. 2021) ("'Indiana law has long recognized an absolute privilege that protects all relevant statements made in the course of a judicial proceeding, regardless of the truth or motive behind the statements.'") (quoting *Hartman v. Keri*, 883 N.E.2d 774, 777 (Ind. 2008)); *Wolf v. Menh*, 810 F. App'x 10, 11 (D.C. Cir. 2020) (alleged defamatory statements were protected by absolute litigation privilege under Connecticut law); *Smith v. Haynes & Haynes P.C.*, 940 F.3d 635, 641 (11th Cir. 2019) (slander claim barred by the absolute litigation privilege); *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 372 (9th Cir. 2005) (Hawaii courts have applied absolute litigation privilege in defamation actions); *Secress v. Ullman*, 147 F. App'x 636, 638 (3d 2005) (actions as private

## V.    PREFILING INJUNCTION/SHOW CAUSE

Defendants further move the Court for a pre-filing injunction and bond requirement for any further filings by Plaintiff.  In the alternative, Defendants ask the Court to exercise its discretion and enter an order that any Defendant who Plaintiff serves with a subsequent motion or pleading is not required to respond unless directed to do so by the Court.

Plaintiff has engaged in filing numerous lawsuits that contain frivolous legal arguments and that are vexatious and abusive of the judicial process.  Because of Plaintiff's vexatious actions, this Court has the power to enjoin her from filing meritless pleadings where the pleadings raise issues identical or similar to those that have already been adjudicated.  *See* 28 U.S.C. § 1651; *see also Matter of Packer Ave. Assoc.*, 884 F.2d 745, 747 (3d Cir. 1989); *Yadav v. Surtees*, 87 F. App'x 271 (3d Cir. 2004). Plaintiff has previously been sanctioned in this District for her vexatious and wanton litigation conduct, and those sanctions were upheld on appeal.  *See Arunachalam v. International Business Machines Corp.*, 989 F.3d 988 (Fed. Cir. 2021) (affirming imposition of monetary sanctions and noting record that amply demonstrated vexatious and wanton litigation conduct).

Notwithstanding these sanctions, Plaintiff has continued her course of conduct, as evidenced by the instant case, in which Defendants include corporations Plaintiff has previously sued, attorneys who represented those corporations, judges who presided over the cases, judges' staff, and attorneys who represented the federal government.  As explained throughout this opinion, Plaintiff's filings and pleadings raise a gamut of specious, implausible, frivolous, and vexatious claims.

---

mediator fall within California's absolute litigation privilege).  In addition, the claim for intentional infliction of emotional distress is alleged in a conclusory manner without supporting facts.

29

A pre-suit injunction may well be justified.  At this point, however, the Court will order the alternative relief suggested by Defendants: it will enter an order that any Defendant in this case upon whom Plaintiff serves a motion or pleading is not required to respond unless directed to do so by the Court.  The Court will also order Plaintiff to show cause why she should not be enjoined from filing any complaint, lawsuit, or petition for writ of mandamus, related to: (i) the patents she held or holds, (ii) the more than 100 patent lawsuits she has filed, (iii) patent infringement, and/or (iv) any and all actions taken by individuals and corporations during the course of patent litigation involving Plaintiff.  After reviewing Plaintiff's submission and any response from any Defendant, the Court will determine whether to provide Defendants any further relief.

## VI.    CONCLUSION

For the above reasons, the Court will: (1) grant Defendants' motions to dismiss (D.I. 179, 186, 189, 191, 193-96, 198-99, 202-06, 210-12, 215-17, 221, 223, 226, 234); (2) decline to exercise supplemental jurisdiction; (3) order that Defendants need not respond to any further filings from Plaintiff unless directed to do so by the Court; and (4) order Plaintiff to show cause why she should not be enjoined from future filings.  Amendment is futile as to all claims.

An appropriate Order will be entered.